| | |
|---|---|
| 1 | MCNUTT LAW GROUP LLP |
| | SCOTT H. MCNUTT (CSBN 104696) |
| 2 | SHANE J. MOSES (CSBN 250533) |
| | MARIANNE M. DICKSON (CSBN 249737) |
| 3 | 188 The Embarcadero, Suite 800 |
| | San Francisco, California 94105 |
| 4 | Telephone: (415) 995-8475 |
| | Facsimile: (415) 995-8487 |
| 5 | |
| 6 | MICHAEL ST. JAMES (CSBN) 95653 |
| | ST. JAMES LAW, P.C. |
| 7 | 155 Montgomery Street, Ste. 1004 |
| | San Francisco CA 94104 |
| | Telephone: (415) 391-7566 |
| 8 | Facsimile: (415) 391-7568 |

Proposed Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Round Table Pizza Inc.,<br><br>Debtor. | Case Nos.  11-41431 RLE<br>11-41432 RLE<br>11-41433 RLE<br>11-41434 RLE<br><br>Chapter 11 |
| In re<br><br>Round Table Development Co.,<br><br>Debtor. | ***EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON FIRST DAY MOTIONS** |
| In re<br><br>The Round Table Franchise Corp.,<br><br>Debtor. | |
| In re<br><br>Round Table Pizza Nevada LLC,<br><br>Debtor. | |

# I. INTRODUCTION

Round Table Pizza, Inc., the parent corporation, and two subsidiaries, The Round Table Franchise Corporation, which operates the franchise business, and Round Table Development Company, which operates the company-owned stores; and Round Table Pizza Nevada LLC, which is wholly owned by Round Table Development Company, the joint debtors and debtors in possession in the above captioned Chapter 11 reorganization cases (collectively "Round Table" or the "Debtor"), hereby jointly submit this *ex parte* application (the "*Ex Parte* Application") for an order shortening time for notice of a hearing on the following motions (the "First Day Motions"):

- DEBTORS' MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES (the "Joint Administration Motion");

- MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL (the "Cash Collateral Motion");

- MOTION FOR ORDER AUTHORIZING THE DEBTOR TO (1) PAY PRE-PETITION EMPLOYEE WAGES, (2) HONOR VACATION AND SICK LEAVE OBLIGATIONS, (3) HONOR PAYROLL CHECKS, AND (4) EXCLUDE EMPLOYEES FROM THE MAILING MATRIX (the "Pre-Petition Wages Motion");

- MOTION TO FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION SALES, USE AND FRANCHISE TAXES (the "Pre-Petition Taxes Motion");

- DEBTORS' MOTION FOR ORDER (1) AUTHORIZING THE DEBTORS TO CONTINUE THEIR CASH MANAGEMENT SYSTEM MERCHANT SERVICES AND (2) COMPELLING BANKS TO CONTINUE MERCHANT SERVICES (the "Cash Management Motion");

- MOTION FOR ORDER AUTHORIZING DEBTORS TO HONOR PRE-PETITION GIFT CERTIFICATES AND PROMOTIONS (the "Customer Practices Motion");

- MOTION TO REJECT EXECUTORY CONTRACT WITH RABO CAPITAL SERVICES, INC. (the "Swap Rejection Motion");

- MOTION FOR APPROVAL TO ASSUME EXECUTORY INSURANCE AND PREMIUM FINANCING AGREEMENTS (the "Insurance Financing Motion"); and

- MOTION FOR ORDER LIMITING NOTICE (the "Limited Notice Motion").

In support of the First Day Motions. Round Table submits the DECLARATION OF SCOTT H. MCNUTT IN SUPPORT OF DEBTOR'S *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON FIRST DAY MOTIONS (the "McNutt Declaration") filed concurrently herewith, and respectfully represents as follows:

## II. FACTS

On February 9, 2011 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California.

No official committee of unsecured creditors ("Committee") has been formed in the bankruptcy cases to date.

A detailed description of Round Table's history, description of its business, its assets and liabilities, and the events that led to the need for bankruptcy relief are set forth in the DECLARATION OF J. ROBERT MCCOURT IN SUPPORT OF FIRST DAY MOTIONS (the "Omnibus Declaration") filed on February 9, 2011 [Doc. No. 13] and incorporated herein by reference, the pleadings and papers on file herein.

## III. RELIEF REQUESTED IN FIRST DAY MOTIONS

By the First Day Motions, Round Table moves for an entry of an order allowing the following:

1. <u>The Joint Administration Motion</u>: Through this motion, Round Table seeks an order from the Court authorizing the joint administration of the Debtors' chapter 11 cases, including approving: (i) use of a single docket for administrative matters; (i) combined notices to creditors and parties in interest; (iii) combined scheduling of hearings; (iv) use of a combined caption; (v) combined financial reporting by Debtors; (vi) joint and several liability of the estates to allow for professional fees; and (vii) joint handling of other administrative matters.

2. <u>The Cash Collateral Motion</u>: Through this motion, Round Table requests an interim order authorizing use of cash collateral in the ordinary course of its business and generally consistent with its 13 week cash budget. On an emergency interim basis pending final relief, Round Table seeks authorization to disburse approximately $5.6 million in the three week period ending February 27, 2011, during which it projects that its net cash will increase by approximately $1 million. Round Table further seeks an order affording its secured lenders replacement liens against Round Table's post-petition assets (other than rights and causes of action arising under

Chapter 5 of the Bankruptcy Code) having the same nature, extent, validity and enforceability as their pre-petition liens, but solely to secure any diminution in the value of collateral.

3. <u>The Pre-Petition Wages Motion</u>: Through this motion, Round Table seeks (i) to pay wages accrued pre-petition (ii) to honor prepetition employee vacation and sick leave benefits, up to a maximum of $11,725 per employee; and (iii) to authorize banks and other financial institutions to honor and pay checks drawn on its payroll account without regard to whether they were issued pre-petition or post-petition; and (iv) to authorize the exclusion of Round Table's current employees from the master mailing matrix

4. <u>The Pre-Petition Taxes Motion</u>: Through this motion, Round Table seeks an order authorizing it to pay certain accrued and outstanding pre-petition sales, use, franchise and property taxes.

5. <u>The Cash Management Motion</u>: Through this motion, Round Table seeks an order from the Court: (i) authorizing Round Table to continue its cash management system, including existing bank accounts; (ii) authorizing Round Table to maintain its pre-petition merchant services accounts; (iii) prohibiting Wells Fargo Merchant Services, LLC from discontinuing merchant services to Round Table; (iv) authorizing Round Table's banks to continue to debit Round Table's accounts for pre-petition and post-petition fees in the ordinary course of business.

6. <u>The Customer Practices Motion</u>: Through this motion, Round Table seeks an order from the Court authorizing Round Table: (i) to continue to honor, in the ordinary course of business, all promotional offers and coupons issued pre-petition, and (ii) to continue to honor gift certificates issued pre-petition.

7. <u>The Swap Rejection Motion</u>: Round Table's lenders insisted that Round Table hedge its potential exposure to an increase in the LIBOR rate by obtaining an interest rate hedge contract from Rabo Capital Services, Inc. ("<u>Rabo Capital</u>"). The LIBOR rate has dropped substantially during the intervening period (from more than 5% to less than 0.3%), rendering the Interest Swap Agreement pointless. For the last quarter of 2010, the obligation to Rabo Capital on the interest rate Interest Swap Agreement was $260,000. Through the Swap Rejection Motion, Round Table seeks an order from the Court rejecting the executory contract with Rabo Capital

Services, Inc., effective as of the Petition Date.

8. <u>The Limited Notice Motion</u>: The aggregate number of parties in interest in these cases is approximately 781 combined. Through this motion, Round Table seeks an order from the Court directing that notices required to be given under the Federal Rules of Bankruptcy Procedure ("<u>Fed. R. Bankr. P.</u>") 2002(a)(2) (sales outside the ordinary course of business), Fed. R. Bankr. P. 2002(a)(3) (compromises of controversies), and Fed. R. Bankr. P. 2002(a)(6) (requests for compensation in excess of $1,000), and any other such notices as are required to be given with respect to the administration of this case, exclusive of the notices contemplated in Fed. R. Bankr. P. 2002(a)(1), (4), (5),. (7), (8) and (b), be limited to the following: (i) the Responsible Individual for each Debtor; (ii) the Creditors' Committee(s), if any should be appointed, and Counsel for the Committee (if applicable); (iii) All Secured Creditors; (iv) all creditors listed on Round Table's List of Creditors Holding 20 Largest Unsecured Claims; (v) the Office of the United States Trustee in Oakland, California; (vi) parties affected by the particular motion; and (vii) any party in interest who serves on the Round Table's counsel and files with the Court a request for special notice.

## IV.  **REQUEST FOR ORDER SHORTENING TIME**

Pursuant to Federal Rule of Bankruptcy Procedure 9006(c) and the Bankruptcy Local Rule for the Northern District of California ("<u>B.L.R.</u>") 9006-1(c), the Court may shorten time for notice upon a showing of good cause for such shortened time.

As set forth in the McNutt Declaration and the Omnibus Declaration submitted herewith, the following is provided in compliance with B.L.R. 9006-1(c):

(a) <u>The reason for the requested shortened time</u>:  Round Table requests an expedited hearing date and an order shortening time for the notice of hearing of the First Day Motions so that Round Table can continue its operations without interruption and thereby maintain the going concern value of its business.  For example, in connection with the Cash Collateral Motion, Round Table has submitted a budget in which it has identified expected disbursements that are necessary prior to the time a final hearing can be held on the Cash Collateral Motion, thus

1 necessitating hearing the matter on shortened time and the request for interim relief.  Further, Pre-
2 Petitions Wages Motions will allow Round Table to honor payroll checks that have not cleared as
3 of the Petition Date, that would otherwise not be honored causing a significant disruption in its
4 operations caused by low employee morale.

(b)     <u>Previous time modifications relating to subject matter request.</u>  No previous requests have been made to shorten time with respect to the First Day Motions.

(c)     <u>The effect of the request for shortened time</u>.  Round Table does not anticipate any adverse impact on the schedule brought by the within request for shortened time. On the contrary, Round Table believes that the time modifications requested herein will allow it to continue its operations without interruptions and maintain the going concern value of its business.

(d)     <u>Efforts to speak with responding parties</u>.  Debtor's counsel has informed the Office of the United States Trustee (the "<u>UST</u>"), and counsel for Round Table's largest unsecured creditor, General Electric Capital Corporation / Prudential Insurance Company of America ("<u>GECC / Prudential</u>"), of this request for a hearing on shortened time on the First Day Motions.

(e)     <u>Service of Notice of Hearing</u>.  Round Table requests a determination that notice be deemed adequate under the circumstances if Round Table serves on or before February 10, 2011, the Notice of Hearing on First Day Motions (the "<u>Notice</u>"), the First Day Motions, and the Omnibus Declaration on the United States Trustee; List of Creditors Holding the Top 20 Unsecured Claims;  GECC / Prudential; and Rabo Capital via (i) electronic mail, to the extent possible; (ii) facsimile, to the extent possible; and (iii) overnight mail.

## V. **CONCLUSION**

WHEREFORE, Round Table respectfully requests that the Court enter its order:

1.     Granting this *Ex Parte* Application;

2.     Scheduling a hearing on the First Day Motions for February 11, 2011, or as soon thereafter as possible;

3.     Determining that service of notice of hearing on the First Day Motions and other pleadings as described herein constitutes adequate notice under the circumstances; and

4. For such other relief as the Court deems appropriate.

DATED: February 10, 2011

Respectfully submitted,

MCNUTT LAW GROUP LLP

By:     */s/ Scott H. McNutt*
       Scott H. McNutt
       Attorneys for Debtor